24-2034-cr
United States v. Allick, Jr.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of May, two thousand twenty-five.

PRESENT: REENA RAGGI,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                              No. 24-2034-cr

DONNELL ALLICK, JR., AKA D-NICE,

*Defendant-Appellant*,

SAMUEL DOUGLAS, AKA BLAMM, JOURDIN SENIOR, AKA G,

*Defendants*.[*]

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

-----------------------------------------------------------------

FOR DEFENDANT-APPELLANT:           JONATHAN J. EINHORN, Law Offices of Jonathan J. Einhorn, New Haven, CT

FOR APPELLEE:           JOCELYN COURTNEY KAOUTZANIS, Assistant United States Attorney (Conor M. Reardon, Assistant United States Attorney, *on the brief*), *for* Marc H. Silverman, Acting United States Attorney for the District of Connecticut, New Haven, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Victor A. Bolden, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the District Court's judgment is AFFIRMED.

Defendant Donnell Allick, Jr. stands convicted after a jury trial of (1) conspiracy to distribute and possess with intent to distribute fentanyl and cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846 ("Count One"); (2) possession with intent to distribute and distribution of fentanyl in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) ("Count Four"); and (3) possession with intent to distribute fentanyl and cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) ("Count Eight").  He also stands convicted based on his

2

guilty plea of unlawful possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) ("Count Five").  Allick now appeals the July 30, 2024 judgment of the United States District Court for the District of Connecticut (Bolden, *J.*) insofar as it sentenced him principally to a term of 115 months' imprisonment.  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Allick challenges his sentence on the ground that the District Court erroneously enhanced his sentence under section 2D1.1(b)(1) of the United States Sentencing Guidelines for possessing a firearm in relation to a drug crime.  We review this unpreserved challenge for plain error.  *See United States v. Esteras*, 102 F.4th 98, 108 (2d Cir. 2024).  Generally, "th[is] enhancement should be applied if [a] weapon was present" where a defendant's illegal drugs were found, unless "it is *clearly improbable* that the weapon was connected with the offense."  *United States v. McKenzie*, 13 F.4th 223, 239 (2d Cir. 2021) (quotation marks omitted); *see United States v. Smith*, 215 F.3d 237, 241 (2d Cir. 2000).  "The burden to make the 'clearly improbable' showing rests with the defendant."  *McKenzie*, 13 F.4th at 239.  Allick acknowledges that firearms were found in his apartment and his car,

3

where police officers also found narcotics. We have upheld the application of this enhancement "where a gun was found in the apartment where the defendant merely stored his narcotics," *United States v. Smythe*, 363 F.3d 127, 128 (2d Cir. 2004), and where a "gun was present in the vehicle" from which the police recovered illegal drugs, *McKenzie*, 13 F.4th at 240. Nothing in the record before us suggests that it was "clearly improbable" that these firearms were connected to the drug offense. *Id.* (quotation marks omitted).

In urging otherwise, Allick argues that the District Court erroneously considered acquitted conduct to justify the challenged firearm-related enhancement.[1] Because Allick withdrew his objection to the District Court's purported use of acquitted conduct to calculate his Guidelines range, we review this challenge for plain error as well. *Esteras*, 102 F.4th at 108.

---

[1] The Sentencing Commission has since amended the Guidelines to exclude acquitted conduct from consideration in calculating a defendant's Guidelines range. *See* U.S.S.G. § 1B1.3(c). However, because "we may not, in the first instance, apply post-sentence amendments that embody a substantive change to the Guidelines," we consider only the Guidelines as they existed at the time of Allick's sentencing. *United States v. Jesurum*, 819 F.3d 667, 672 (2d Cir. 2016) (quotation marks omitted); *see United States v. Kirk Tang Yuk*, 885 F.3d 57, 88 n.16 (2d Cir. 2018). Nor has the Sentencing Commission given this amendment retroactive effect. *See* U.S.S.G. § 1B1.10(d). In any event, Allick's argument fails because the District Court did not, in fact, rely on acquitted conduct in applying a section 2D1.1(b)(1) enhancement to Allick's Guidelines calculation.

4

As Allick points out, the jury acquitted him on Count Nine of the superseding indictment, which charged him with possession of the firearm found in his car "in furtherance" of Count Eight. App'x 27. At sentencing, the District Court made clear that it did not rely on Count Nine in applying a section 2D1.1(b)(1) enhancement to Allick's Guidelines calculation: "I don't think [the firearm enhancement] includes the acquitted conduct . . . [T]he pleading guilty to unlawful possession of a firearm, and . . . the possession of the multiple firearms[] . . . led to the 2-point increase." App'x 42; *see* App'x 70 (emphasizing "serious[ness]" of "the drug crimes and the gun crimes that you have been convicted on, nothing else"). The District Court thus applied the section 2D1.1(b)(1) enhancement based on Allick's admitted ownership of firearms kept in locations together with the narcotics that supported the drug crimes of conviction, not on any acquitted charge. As the District Court explained, Allick's crimes of conviction involve a "deadly combination of . . . firearms and drugs," App'x 71, a concern addressed precisely by the application note to § 2D1.1, cmt. n.11(A) (2023) (explaining enhancement reflects "the increased danger of violence when drug traffickers possess weapons").

Accordingly, we identify no error in the District Court's enhancement of Allick's offense level under section 2D1.1(b)(1).

We have considered Allick's remaining arguments and conclude that they are without merit. For the foregoing reasons, the District Court's judgment is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court